In the Matter of the June 12, 2012
South Carolina Primary Elections

Civil Action No. 3:12-cv-01191-CMC

# Exhibit 11

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND | IN THE COURT OF COMMON PLEAS |
| Amanda Somers, Candidate for South Carolina State Senate District 5,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina State Election Commission and All Late-Filing Candidates for South Carolina State Senate District 5,<br><br>Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT FOR<br>INJUNCTIVE RELIEF** |

Amanda Somers, Candidate for South Carolina State Senate District 5, would respectfully show unto this Court the following:

### INTRODUCTION

1. This case presents a simple question: are candidates for public office subject to the rule of law or not? Amanda Somers properly filed as a candidate for South Carolina State Senate District 5. At least two other individuals filed **after** filing had closed. No lawful procedure was employed to reopen filing, therefore none of the late-filed candidates may appear on the ballot.

2. Amanda Somers respectfully requests the Court enjoin the South Carolina State Election Commission from accepting any candidate filings not filed in accordance with the South Carolina Election Law.

### PARTIES, VENUE, AND JURISDICTION

3. The Plaintiff Amanda Somers is a legitimately-filed candidate for South Carolina State Senate District 5, a State Senate District located in Greenville and Spartanburg Counties.

4. The Defendant South Carolina State Election Commission, located in Richland County, is responsible for preparing the ballots for all primary, primary runoff, and general elections relating to the State Senate District 5 seat.

5. Filing for the State Senate District 5 was "reopened" at noon on April 16th to continue until noon on April 18th. As will be shown below, no lawful method was employed to reopen filing. Therefore, any late-filing candidates have not lawfully filed. However, in accordance with due process and Rule 19, SCRCP, all such candidates are hereby made parties to this action. Plaintiff is not presently aware of the names of all such late-filing candidates as this "reopened filing" is still underway as of this writing.

6. The Court of Common Pleas has jurisdiction over this action pursuant to Titles 14 and 15 of the South Carolina Code of Laws.

7. Venue is proper in Richland County under Title 15, Chapter 7 of the South Carolina Code of Laws due to the location of the Defendant South Carolina State Election Commission.

**FACTS**

8. All South Carolina State Senate seats are up for election in 2012. These elections are partisan race, and the major political parties hold primary elections for these seats.

9. Filing for primary elections was open in March of 2012 and closed at noon on March 30, 2012.

10. For the State Senate District 5 seat at issue in this case, only two individuals filed by the March 30 deadline: Amanda Somers and Phillip Shoopman. Shoopman later withdrew as a candidate for personal reasons, leaving Somers unopposed.

11. The Chairman of the South Carolina Republican Party then issued a sua sponte

"Writ of Primary Filing," attached as Exhibit A, ordering the chairmen of the Greenville County and Spartanburg County Republican Parties to accept new candidate filings from noon on April 16th until noon on April 18th.

12.  This "Writ of Primary Filing" purports to be authorized by S.C. Code § 7-11-15, part of the South Carolina Election Law. However, that code section in no way authorizes the state chairman of any political party to issue a "Writ of Primary Filing."

13.  In the case of the State Senate seat at issue in this case, S.C. Code § 7-11-15 expressly vests this decision in the state committee of a political party and not in the state chairman, county committees, county chairmen, etc. Section 7-11-15 could not be any clearer on this point:

> If, after the closing of the time for filing statements of intention of candidacy, there are not more than two candidates for any one office and one or more of the candidates dies, or withdraws, the state or county committee, as the case may be, if the nomination is by political party primary or political party convention only may, in its discretion, afford opportunity for the entry of other candidates for the office involved; however, **for the office of State House of Representatives or State Senator, the discretion must be exercised by the state committee**.

S.C. Code § 7-11-15 (emphasis added).

14.  The South Carolina Election Law, codified in Title 7 of the South Carolina Code of Laws, explicitly lays out various duties for various political party entities, including state committee and state chairman. The South Carolina Legislature expressly provided for certain actions to be taken by the state chairman. For example, S.C. Code § 7-11-210 provides for a lawsuit to be initiated by the state chairman in the event a defeated primary candidate launches an illegal general election campaign.

15.  Therefore, no state chairman of a political party has the lawful authority to issue a "Writs of Primary Filing." Only the state committees have the discretion and authority to

reopen candidate filing for State Senate seats.

16.     The state committee in question took no action to authorize the "Writ of Primary Filing" in this matter. No lawful meeting of the state committee has been held to address this matter. No meeting of any type was held prior to the issuance of the "Writ of Primary Filing" and no legal meeting was held after the writ was issued.

17.     The only attempt at a meeting of the state committee took place the evening of Tuesday, April 17th. This meeting was not lawfully noticed and is therefore invalid. SCGOP Rule 7(c)(5) states that no meeting of the state committee shall be held on less than twenty-four hours notice. The notice for Tuesday, April 17th state committee meeting was sent on the same day as the meeting. The notice is attached as Exhibit B. SCGOP Rule 7(c)(5) is attached as Exhibit C.

18.     Plaintiff was never notified of the April 17th state committee meeting but learned about the meeting just a few hours before it occurred. Plaintiff, through undersigned counsel, timely objected to the meeting on several bases including lack of notice proper notice and failure to provide Somers with due process. Nonetheless, the meeting went forward. The objection and response is attached as Exhibit D.

19.     The meeting was not lawfully noticed or called, therefore any action taken at the meeting is invalid. The Plaintiff need not show prejudice and even if a showing were required, it must be presumed in this case where Plaintiff's due process rights were so badly violated. But should the Court require evidence of prejudice, the Plaintiff can easily meet that burden as well. Certain members of the state committee were unable to attend the meeting because of the lack of proper notice. Further, certain members of the state committee have stated that they would have objected to reopening candidate filings if the

meeting had been properly held and they had the opportunity to do so. The Plaintiff will adduce evidence on both of these points if required.

20.     This case is very simple. No lawful meeting of the SCGOP state committee has been held. Therefore, none of the candidate filings made pursuant to the "Writ of Primary Filing" are proper or legitimate. S.C. Code § 7-11-15 could not be clearer that the state committee must vote to reopen filing and the state committee has not done so in a lawful meeting.

21.     Because these new candidate filings have not been made pursuant to a lawful procedure, no new candidates may appear on the ballot. The same statute, S.C. Code § 7-11-15, is just as clear on this point:

> No candidate's name may appear on a primary election ballot, convention slate of candidates, general election ballot, or special election ballot, except as otherwise provided by law, if (1) the candidate's statement of intention of candidacy has not been filed with the County Election Commission or State Election Commission, as the case may be, by the deadline and (2) the candidate has not been certified by the appropriate political party as required by Sections 7-13-40 and 7-13-350, as applicable.

S.C. Code § 7-11-15.

22.     Defendant South Carolina State Election Commission has an independent and legally mandated duty to ascertain whether any candidacy filings have been timely and properly filed.

23.     Defendant South Carolina State Election Commission likewise has a duty to refuse to place on the ballot the name of any candidate who has not timely and properly filed their statement of intention of candidacy.

24.     Plaintiff likewise submits, in the alternative, that all of the foregoing constitutes changes to a number of standards, practices, and procedures employed in South Carolina

elections of this type.

25.     Pursuant to the Voting Rights Act, such a change must be precleared before it can be put into effect.

26.     Until such time as preclearance is obtained, no late-filed candidates may be added to the ballots in question.

27.     For all of the foregoing reasons, Plaintiff Amanda Somers respectfully requests the Court enjoin the South Carolina State Election Commission from adding any more names to the South Carolina Senate District 5 primary ballot. The lawful mechanism for reopening filing has not been employed. Further, any such reopening would require preclearance under Section 5 of the Voting Rights Act, something that has not been done and cannot be timely accomplished under these circumstances with the requisite ballot production deadlines.

28.     In the alternative that the South Carolina State Election Commission has already begun preparing ballots with improperly-filed candidates names appearing on the ballots, Plaintiff requests the Court issue a writ of mandamus compelling the Election Commission to correct the matter.

29.     Plaintiff's sole request is that the law be followed in this matter.

### PRAYER FOR RELIEF

Wherefore, having fully pled, the Plaintiff requests this matter be heard nonjury as soon as possible and award the equitable relief described herein.

### ADR EXEMPTION

This case seeks special relief and is therefore exempt from ADR requirements.

|  |  |
|---|---|
|  | *J. Todd Kincannon* (signature)<br>J. TODD KINCANNON<br>THE KINCANNON FIRM<br>P.O. Box 7901<br>Columbia, South Carolina 29202<br>Phone: 877.992.6878<br>Fax:    888.704.2010<br>Email: Todd@TheKincannonFirm.com<br>Attorney for Plaintiff |
| April 18, 2012 |  |

# Exhibit A

# Writ of Primary Filing



## WRIT OF PRIMARY FILING

**WHEREAS**, I, Chad Connelly, Chairman of the South Carolina Republican Party, on behalf of its state committee, pursuant to the provisions of Section 7-11-15 of the South Carolina Code of Laws of 1976, as amended, am exercising the option to re-open Republican candidate filing for South Carolina Senate District Five.

**WHEREAS**, Section 7-11-15 of the South Carolina Code of Laws states, *"If, after the closing of the time for filing statements of intention of candidacy, there are not more than two candidates for any one office and one or more of the candidates dies, or withdraws, the state or county committee, as the case may be, if the nomination is by political party primary or political party convention only may, in its discretion, afford opportunity for the entry of other candidates for the office involved; however, for the office of State House of Representatives or State Senator, the discretion must be exercised by the state committee."*

**WHEREAS**, on Sunday, April 15, 2012, The Honorable Phillip W. Shoopman withdrew his name from consideration in the June 12, 2012 South Carolina Senate District Five Republican primary.

**WHEREAS**, only one other candidate filed a statement of intention of candidacy in the Senate District Five primary between noon on March 16, 2012 and noon on March 30, 2012.

**NOW, THEREFORE**, the Greenville County Republican Party and the Spartanburg County Republican Party are ordered, pursuant to the provisions of Section 7-11-15 of the South Carolina Code of Laws of 1976, as amended, to accept statements of intention of candidacy for the June 12, 2012 South Carolina Senate District Five Republican primary.

The schedule for accepting these statements of intention of candidacy is as follows:

1. Filing for the seat will open at noon on Monday, April 16, 2012.
2. Filing for the seat will close at noon on Wednesday, April 18, 2012.

If the Greenville County Republican Party or the Spartanburg County Republican Party receives any statements of intention of candidacy during this period, the county committees must transmit the statements along with the applicable $416.00 filing fee per candidate to the State Executive Committee within five days of the receipt of those statements. The County Committees should report any filings to the State Executive Committee no later than 5:00 P.M on April 18, 2012.

**AND SO IT IS ORDERED**, this 15th day of April, 2012.

*B. Chad Connelly*

Chad Connelly
Chairman, South Carolina Republican Party

# <u>Exhibit B</u>

# Notice of April 17th SCGOP State Committee Meeting dated April 17th

From: Matt Moore <matt@scgop.com>
To: Matt Moore <matt@scgop.com>
Sent: Tuesday, April 17, 2012 9:36 AM
Subject: 9:00 PM tonight (Tuesday) - SCGOP Executive Committee Meeting

Dear SCGOP Executive Committee,

I hope you had a nice weekend. I write this morning regarding an urgent election issue involving state executive committee ratification.

Chairman Chad Connelly, who will explain the issue in detail this evening, has called an executive committee meeting at 9:00 PM via telephone (see dial - in information below).

9:00 PM - Tuesday, April 17, 2012
Conference Dial-in Number: (605) 475-4000
Participant Access Code: 522530#

Please be reminded of SCGOP Rule 7(c)1: Voting members of the state executive committee shall be the state committeeman from each county, the national committeeman, the national committeewoman, president of the state Federation of Republican Women, the state fist vice-chairman when not presiding (and when presiding, only in case of a tie vote, as the state chairman) only in case of a tie vote) (7-9-90): provided, however, that voting members may be represented by proxy in accordance with Rule 7 herein.

If you are a state executive committeeman who cannot attend tonight's meeting, under SCGOP Rule 8(f) your county chairman shall automatically serve as your proxy. A roll call of counties present will occur at the beginning of the meeting.

*** State executive committee meetings are open to the public. The State Chairman and State Parliamentarian will follow Robert's Rules of Order in running the meeting. As such, only state executive committee members can be recognized.

SCGOP Rule 9(e) is also in place: The quorum for taking any action required by law or national party rules, including but not limited to election protest hearings and election of presidential electors, shall be the members present.

Please let me know if you have any questions. Thank you, and I look forward to this evening.

Matt
---

Matt Moore
Executive Director
South Carolina Republican Party
email: matt@scgop.com
twitter: @MattMooreSC
phone: 803.988.8440

# Exhibit C

# SCGOP Rule 7(c)(5)

# South Carolina Republican Party Rules
# Rule 7(a)(5)

(5) The state committee shall meet at the call of the chairman or any five (5) members thereof at such time and place as he or they may appoint (7-9-90). No meeting shall be held without each member of the committee having been given at least twenty-four (24) hours notice thereof. Mailing written notice at least two (2) secular days prior to the date of the scheduled meeting shall be sufficient compliance with this requirement. In no event shall the State Executive Committee meet less than once per calendar quarter.

# Exhibit D

# Objection to April 17th SCGOP State Committee Meeting and Response

**Todd Kincannon**
_____

| | |
|---|---|
| **From:** | Todd Kincannon |
| **Sent:** | Tuesday, April 17, 2012 8:42 PM |
| **To:** | 'Matt Moore' |
| **Subject:** | Objection to SCGOP Executive Committee Meeting |

Matt,

On behalf of Amanda Somers, I respectfully raise the following objections to the State Executive Committee meeting this evening:

1. The notice was not proper. It was not given to each member 24 hours in advance as required by Rule 7(c)(5), therefore the meeting is invalid.
2. The meeting does not afford due process to Mrs. Somers in that she was not notified in any way or afforded any opportunity to be heard. She is an interested party in this matter and has due process rights.
3. The conference call method does not afford a secret ballot method of voting.
4. Any action taken which would have the effect of reopening filing must be precleared pursuant to Section 5 of the Voting Rights Act (which cannot be timely completed).
5. The statute in question is facially unconstitutional and unconstitutional as applied in this situation. It violates Mrs. Somers rights to equal protection and due process.
6. At this point, under Bush v. Gore, this matter must be ended. Mr. Corbin's filing cannot be presented to the Election Commission.

I have no interest in making this difficult on anybody and will not in any way cast stones unnecessarily, but the rules are what they are and Mrs. Somers has a right to have them applied properly.

And again, I will defend everything Chairman Connelly has done as being in complete good faith, even if my client and I happen to disagree with the effect as a legal matter. No one asked for this, and Mrs. Somers and I completely understand that.

Todd Kincannon

***NOTE NEW ADDRESS BELOW***
****PLEASE UPDATE RECORDS****



THE KINCANNON FIRM
P.O. BOX 7901
COLUMBIA, SC 29202
THEKINCANNONFIRM.COM
OFFICE: 877.99.COURT
FAX: 888.704.2010

## Todd Kincannon

| | |
|---|---|
| **From:** | Matt Moore |
| **Sent:** | Tuesday, April 17, 2012 9:01 PM |
| **To:** | Todd Kincannon |
| **Cc:** | Butch Bowers |
| **Subject:** | Re: Objection to SCGOP Executive Committee Meeting |

Todd,
Thanks for sending. I appreciate your respectfulness.
I have forwarded your message to our general counsel. Please feel free to communicate directly with Butch - 803-260-4124, Butch.Bowers@wcsr.com.
The meeting will go on as planned.
Sincerely,
Matt
---
Matt Moore
Executive Director
South Carolina Republican Party
email: matt@scgop.com
twitter: @MattMooreSC
phone: 803.988.8440

On Apr 17, 2012, at 8:41 PM, Todd Kincannon wrote:

Matt,

On behalf of Amanda Somers, I respectfully raise the following objections to the State Executive Committee meeting this evening:

1.  The notice was not proper. It was not given to each member 24 hours in advance as required by Rule 7(c)(5), therefore the meeting is invalid.
2.  The meeting does not afford due process to Mrs. Somers in that she was not notified in any way or afforded any opportunity to be heard. She is an interested party in this matter and has due process rights.
3.  The conference call method does not afford a secret ballot method of voting.
4.  Any action taken which would have the effect of reopening filing must be precleared pursuant to Section 5 of the Voting Rights Act (which cannot be timely completed).
5.  The statute in question is facially unconstitutional and unconstitutional as applied in this situation. It violates Mrs. Somers rights to equal protection and due process.
6.  At this point, under Bush v. Gore, this matter must be ended. Mr. Corbin's filing cannot be presented to the Election Commission.

I have no interest in making this difficult on anybody and will not in any way cast stones unnecessarily, but the rules are what they are and Mrs. Somers has a right to have them applied properly.

And again, I will defend everything Chairman Connelly has done as being in complete good faith, even if my client and I happen to disagree with the effect as a legal matter. No one asked for this, and Mrs. Somers and I completely understand that.

Todd Kincannon

\*\*\*NOTE NEW ADDRESS BELOW\*\*\*
\*\*\*\*PLEASE UPDATE RECORDS\*\*\*\*

<image001.png>
THE KINCANNON FIRM
P.O. BOX 7901
COLUMBIA, SC 29202
THEKINCANNONFIRM.COM
OFFICE: 877.99.COURT
FAX: 888.704.2010

2